PER CURIAM.
Petitioner A.L.M. seeks certiorari review and habeas corpus relief following two trial court orders in related juvenile delinquency proceedings which ordered him committed to the Department of Children and Families (DCF) under secure placement pursuant to Section 985.19(3), Florida Statutes and Florida Rule of Juvenile Procedure 8.095(a)(4). We deny habe-as corpus on the representation of respondent DCF that petitioner is not in its *1086 custody. We treat this cause as a petition for writ of certiorari pursuant to M.H. v. State, 901 So.2d 197 (Fla. 4th DCA 2005).
Petitioner A.L.M. was charged by petition for delinquency in case 06-1833DL with possession of a weapon on school property, and in case 06-585DL with battery on a school board employee and disruption of a school function. The incidents underlying these charges occurred in January, 2006. Petitioner was adjudged incompetent due to mental illness by stipulation. After placement at Sandy Pines residential mental health facility for approximately sixteen months, he was discharged. The State then sought his secure placement.
After hearing testimony and argument on placement, the trial court found that petitioner met the criteria for involuntary placement. In his two orders, the judge found petitioner incompetent to proceed to trial due to behavioral dysregulation as well as oppositional defiant behavior. The judge also found that petitioner’s behavior made it likely he would cause a threat to others at some time in the future, and that it would be more beneficial to him to be placed in a more restricted environment. He found that there were no lesser restrictive alternatives.
Section 985.19(a)(3), (4), Florida Statutes, under which the orders involuntarily committing petitioner were entered, provides the criteria for secure placement along with the requirement that there must be clear and convincing evidence to support the. placement. Florida Rule of Juvenile Procedure 8.095(a)(3),(4), governing the procedure for cases in which a child is found incompetent to proceed, contains the same standards.
Although three psychologists testified, their testimony did not support, by clear and convincing evidence, the trial court’s finding that, under section 985.19(3) that there was “a substantial likelihood” that petitioner would inflict serious bodily harm to himself or others so as to warrant his involuntary, secure placement. We grant the petition and quash the trial court’s orders.
KLEIN, HAZOURI and DAMOORGIAN, JJ., concur.